JOSHUA B. FRANKLIN, PLAINTIFF AND RESPONDENT, v. FREIHOFER VIENNA BAKING COMPANY, DEFENDANT AND APPELLANT.

Argued February 16, 1904—Decided June 13, 1904.

1. Where requests to charge upon points of law applicable to the cause are made prior to the commencement of the summing up of counsel upon the evidence in the cause, then it is the duty of the court to charge, or refuse to charge, such requests.
2. If a failure to charge may be deemed a refusal to charge, then, if the requests made contain legal propositions applicable to the cause, and the same subject-matter be not covered by the charge of the court as given, there should be a reversal.

On appeal from the District Court of the city of Camden.

Before Justices VAN SYCKEL and FORT.

For the appellant, *F. Morse Archer.*

For the respondent, *Frederick A. Rex.*

The opinion of the court was delivered by

FORT, J. This case was tried in the Camden District Court, before the court and a jury.

The issue involved in the cause was whether the indebtedness sued for was incurred by one Albert J. Freihofer as an

individual or as the agent of the defendant company, and all the testimony went to that point.

At the conclusion of the testimony, and before the commencement of the summing up, the defendant's counsel requested the court to charge the following propositions:

"1. That the burden of proof is upon the plaintiff to show that the debt sued for was contracted by the defendant.

"2. If the jury believe from the evidence that the debt sued for was contracted by Albert J. Freihofer and so charged upon the books of the plaintiff, the verdict must be for the defendant.

"If the jury believe from the evidence that in the course of the dealings between the plaintiff and Albert J. Freihofer, out of which the debt in suit arises, the payments were made from time to time by Albert J. Freihofer only, and not by the defendant, the jury will be justified in finding a verdict for the defendant."

This the court declined to do, and gave the jury the following charge only:

"GENTLEMEN—This is a case largely a matter of fact. You have heard all the testimony, and heard it explained, and I do not think I can say much to aid you. I think I will let you go out and settle the matter yourselves."

At the conclusion of this charge, the following colloquy occurred between the counsel and the court:

"Mr. Archer—Will your honor charge the jury upon the propositions of law submitted?

"The Court—No, I don't think I should.

"Mr. Archer—Will your honor allow the propositions of law so submitted to be copied into the record?

"The Court—No.

"Mr. Archer—I ask for an exception to your honor's ruling, and I desire to have noted upon the record that I requested the court to make a charge in accordance with certain propositions of law submitted, and the court refused to so charge and further refused to allow the contents of the request to be placed upon the record."

This exception appears allowed and sealed in the record as returned.

Whether the defendant's counsel was entitled to have all the requests above enumerated charged as requested, it is not necessary to determine.

The first request is fundamental in the trial of every civil cause, namely:

"That the burden of proof is upon the plaintiff to show that the debt sued for was contracted by the defendant."

This was a correct statement of the law, and was a proposition which it was the duty of the court to charge upon the request of the defendant's counsel.

The very issue in the cause was also contained in the second request to charge, namely:

"If the jury believe from the evidence that the debt sued for was contracted by Albert J. Freihofer and so charged upon the books of the plaintiff, the verdict must be for the defendant."

This request required the court to either charge it, as made, or to at least charge upon the proposition that if the debt was the debt of Freihofer as an individual, and was not incurred by him as the agent of the defendant, that the plaintiff could not recover.

The same observations apply to the third request.

Where requests to charge upon points of law applicable to a case are made prior to the commencement of the summing up of counsel, it is the duty of the court to charge, or to refuse to charge, such requests. A failure to charge a request amounts to a refusal to charge if such failure is brought to the attention of the court at the conclusion of the charge, and such failure to so charge is not corrected.

It would be difficult to justify the course of the court in refusing to charge on the requests presented in this record, and such refusal was error, and the judgment must be reversed and a new trial granted.